## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLANIA

DINO DELULLIIS,

      Plaintiff,

v.

26-CV-493

PITTSBURGH SCHOOL DISRICT,

      Defendant,

**JURY TRIAL DEMANDED**

### COMPLAINT

AND NOW, comes Plaintiff, DINO DELULLIIS, and files this Complaint against PITTSBURGH SCHOOL DISRICT, averring as follows:

### PARTIES, JURISDICTION, VENUE

I.      Plaintiff is an individual residing at 203 Glasgow Rd., Pittsburgh, PA 15221.

2.      Defendant, Pittsburgh School District is a municipal entity operating in the City of Pittsburgh.

3.      At all times material hereto, Pittsburgh School District acted through its authorized employees and within the course and scope of their employment with the Pittsburgh School District.

4.      Plaintiff was employed as a teacher with the Pittsburgh School District.

### JURISDICTION

5.      This action arises under the Due Process and Equal Protection clauses of the Fourteenth Amendment to the U.S. Constitution.

6.      This action is also brought pursuant to 42 U.S.C. § 1983.

7.      The court has jurisdiction over the state claim pursuant to 42 U.S.C. § 1367.

8.    Venue is appropriate in this Court because Defendant is located in Pittsburgh, Pennsylvania; and all relevant actions occurred in Pittsburgh, Pennsylvania.

## FACTS

9.    In mid-March,2025 Plaintiff was teaching a class of Second Graders at the Woolslair Elementary School in the City of Pittsburgh.

10.    At the above referenced time and place, Plaintiff was working with two second grade female students in his classroom.

11.    While working with the two female students, a male student, Student A, without permission, inserted himself between the Plaintiff and the two female students, and interfered with the Plaintiffs efforts to provide ed].!cational instruction to the two female students.

12.    Plaintiff instructed Student A to stop his interference and return to where he was supposed to be several times.

13.    Student A defied the Plaintiff and refused to return to his assigned area and continued to disrupt the Plaintiffs effort to provide educational instruction to the two female students.

14.    Student A sat down on a chair where the Plaintiff and the two girls were working and continued to be disruptive.

15.    Plaintiff then went to the back of the chair, and tipped the chair forward to get Student A to stand and leave, and Plaintiff then pushing the chair aside.

16.    Student A then left the class room without permission, and went to the Principal's office and reported to the Principal that the Plaintiff had choked him.

17.    There was a video tape of the entire exchange.

_i._

18.     While the video tape shows the Plaintiff getting angry and exhibiting frustration, the video tape shows that the Plaintiff, never touched Student A.

19.     Plaintiff had a similar exchange with a 4[111]grade student several years before the April 2024 incident, where the Plaintiff had tipped a disruptive student's chair to get the student to stand up and return to his assigned area.

20.     In the earlier incident, as in the mid-March 2025 incident, the disruptive student lied about what happened, a Childline report was made and there was no finding of child abuse.

21.     On April 3, 2025 the Defendant arranged for a "due process" meeting to be held regarding the exchange with Student A.

22.     At the "due process' meeting, which was attended by Defendant administrators, the Plaintiff and a union representative, the video tape of the incident was viewed and the participants in the meeting discussed whether the Plaintiffs actions warranted dismissal.

23.     At no time in the meeting was the Plaintiff told that a decision was being made as whether to classify the Plaintiff as a child abuser, or that he was being investigated for child abuse.

24.     Plaintiff was never given the opportunity to defend against the claim that his resignation was was based upon child abuse, or why he should not be classified as a child abuser.

25.     In an April 11, 2025 letter from the Defendant to the Plaintiff the Defendant wrote:

> Please consider this as in-writing notice that the District's Administration will be recommending the commencement of dismissal proceedings against you...

A copy of the April 11, 2025 letter is attached hereto as Exhibit "A".

26.    Plaintiff had the right to grieve any dismissal per the collective bargaining agreement and take the grievance all the way through an arbitration hearing.

27.    As an incentive to get the Plaintiff to give up his rights to grieve and arbitrate his dismissal, the Defendant told the Plaintiff that in exchange for his resignation, the Defendant would not convey any negative information about the Plaintiff to any prospective employer.

28.    Relying on the promise of the Defendant that the Defendant would not convey any negative information about the Plaintiff to any prospective employer, the Plaintiff gave up his right to grieve and arbitrate his dismissal and resigned on March 29, 2025.

29.    Plaintiff on or about June 6, 2025 applied for employment with the Propel Schools.

30.    By letter dated July 31, 2025 the Propel Schools offered the Plaintiff employment as follows:

> You have been appointed as Art Teacher - Propel Northside starting
> 08/04/2025 pending submittal of all required documents to be hired
> at an annual salary of $85,015.00 USD.

31.    After gaining employment with Propel Schools, Propel Schools withdrew the Plaintiff's offer of employment based on the manner in which the Defendant completed a Form 168.

32.    Contrary to the promises made by the Defendant, the Defendant responded to a request for information from the Propel School, by filling out a Commonwealth Of Pennsylvania Sexual Misconduct/Abuse Disclosure Information Request (under Act 168 of 2014) answering the following questions regarding the Plaintiff in the affirmative:

4

(a) Been the subject of an abuse or sexual misconduct investigation by any employer, state licensing agency, law enforcement agency or child protective services agency (unless the investigation resulted in a finding that the allegations were false)?

and/or

(b) Been disciplined, discharged, non-renewed, asked to resign from employment, resigned from or otherwise separated from employment while allegations of abuse or sexual misconduct were pending or under investigation or due to adjudication or findings of abuse or sexual misconduct?

33.    The Propel Schools withdrew their offer of employment because the Defendant sent to the Propel Schools a "Form 168" that was filled out so as to answer the above two questions affirmatively.

34.    Plaintiff having lost his job with the Propel Schools was forced to look for other employment.

35.    Plaintiff was able to find other employment on or about August 30, 2025, working for Tom Johnson Boys' Academy, at the pay rate of $35,000 per year.

36.    Act 168 defines abuse as "conduct that falls under the purview and reporting requirements of the CPSL, 23 Pa.C.S. Ch. 63.

37.    23 Pa.C.S. 6303(b)(1) defines child abuse as follows:

(b.1) Child abuse.--The term "child abuse" shall mean intentionally, knowingly or recklessly doing any of the following:

(1) Causing bodily injury to a child through any recent act or failure to act;

(2) Fabricating, feigning or intentionally exaggerating or inducing a symptom or disease which results in a potentially harmful medical evaluation or treatment to the child:

(3) Causing or substantially contributing to serious mental injury to a child through any act or failure to act or a series of such acts or failures to act.

5

(4) Causing sexual abuse or exploitation of a child through any act or failure to act.

(5) Creating a reasonable likelihood of bodily injury to a child through any recent act or failure to act.

(6) Creating a likelihood of sexual abuse or exploitation of a child through any recent act or failure to act.

(7) Causing serious physical neglect of a child.

(8) Engaging in any of the following recent acts:

   (i) Kicking, biting, throwing, burning, stabbing or cutting a child in a manner that endangers the child.

   (ii) Unreasonably restraining or confining a child, based on consideration of the method, location or the duration of the restraint or confinement.

   (iii) Forcefully shaking a child under one year of age.

   (iv) Forcefully slapping or otherwise striking a child under one year of age.

   (v) Interfering with the breathing of a child.

   (vi) Causing a child to be present at a location while a violation of 18 Pa.C.S. § 7508.2 (relating to operation of methamphetamine laboratory) is occurring, provided that the violation is being investigated by law enforcement.

   (vii) Leaving a child unsupervised with an individual, other than the child's parent, who the actor knows or reasonably should have known:

      (A) Is required to register as a Tier II or Tier III sexual offender under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders), where the victim of the sexual offense was under 18 years of age when the crime was committed.

      (B) Has been determined to be a sexually violent predator under 42 Pa.C.S. § 9799.24 (relating to assessments) or any of its predecessors.

      (C) Has been determined to be a sexually violent delinquent child as defined in 42 Pa.C.S. § 9799.12 (relating to definitions).

(9) Causing the death of the child through any act or failure to act.

6

38.    The Plaintiff did not engage in any of the actions listed in Paragraph 37 above.

39.    The Plaintiff, becoming frustrated with an unruly student, tipping a chair the student was seated in, and pushing the chair aside, without touching the student, and causing no injury, does not meet the legal definition of "abuse."

40.    The so-called "due process" meeting was not a hearing to determine if the Plaintiff committed "child abuse," and Plaintiff never received any notice that the due process meeting was an investigation of "child abuse," but, on the contrary, the meeting focused solely on whether the chair tipping was a reason for dismissal.

41.    The information the Defendant provided on the 168 Form was false.

## COUNT I-CONSTITUTIONAL VIOLATIONS (42 U.S.C. §1983)

42.    Plaintiff incorporates by reference Paragraphs 1 through 39 above and all subparts by reference.

43.    42 U.S.C. §1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

44.    Act 168 creates a right to be free from reports of unfounded allegations of abuse.

45.    The Act specifically states that an investigation for child abuse must be revealed: "unless after investigation the allegations are found to be false." 24 P.S. §l-111.l(f)(3).

46.    It is the reporting of abuse by the Defendant, after investigation found the allegation of abuse to be unfounded, without having a hearing focused on child abuse, and contrary to Defendant's promise to not disparage the Plaintiff, which resulted in the Plaintiff losing his job.

7

47.    The reporting of abuse by the Defendant, violated the Plaintiffs Fifth and Fourteenth Amendment rights to be free from the deprivation of liberty and property without due process of law.

48.    Plaintiff's eligibility for employment in direct contract with children, is impinged by the reporting of abuse.

49.    As a direct and proximate result of Defendant's violations of Plaintiff's Constitutional rights, Plaintiff has suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment in his favor against Defendant for:

(a) Past and future income loss;

(b) Attorney fees;

(c) Emotional distress;

(d) Embarrassment and humiliation;

(e) Depression;

(f) Any other relief the Court deems appropriate.

### COUNT II - BREACH OF CONTRACT

50.    Plaintiff incorporates by reference Paragraphs I through 49 above and all subparts by reference.

51.    The parties entered into a legally binding contract when:

(a) the Defendant made the offer to the Plaintiff not to provide any disparaging statements or information regarding the Plaintiff to prospective employers, in exchange for the Plaintiff resigning;

(b) The Plaintiff accepting the above offer;

(c) Plaintiff relied on the promise of the Defendant referenced in paragraph 51(a) above and resigned his teaching position with the Pittsburgh Public Schools;

8

        (d) consideration for the contract being the Plaintiff giving up his right to grieve and arbitrate his dismissal.

52.    Defendant breached the contract when Defendant submitted to the Propel Schools the false disparaging information on the Form 168 as stated above.

53.    Plaintiff suffered damage in the form of past and future income loss as a result of the Defendant's breach of the contract.

WHEREFORE Plaintiff demands judgment against Defendant for past and future income loss.

Respectfully submitted,

By:    s/ John Newborg
        JOHN NEWBORG, Esq.
        Pa. I.D. No. 22276.
        225 Ross Street, 4th Floor
        Pittsburgh, PA 15219
        (412) 874-9442
        newborglaw@gmail.com

9